UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ELIZABETH ANN CROTTY and JAMES KENNETH ORZECH, <br><br>　　　　　Plaintiffs, <br><br>　　　-vs- <br><br><br>WINDJAMMER VILLAGE OF LITTLE RIVER, SOUTH CAROLINA, PROPERTY OWNERS' ASSOCIATION, INC, <br><br>　　　　　Defendants. | Civil Action No.: 4:15-cv-4042-RBH-TER <br><br><br><br>**ORDER** |

## I.     INTRODUCTION

Plaintiffs, who are proceeding pro se, bring this action alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 et al. Presently before the court is Defendant's Motion to Compel (Document # 29). All pretrial proceedings in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e).

## II.     PROCEDURAL HISTORY

Defendant served Interrogatories and Requests for Production on both Plaintiffs on April 27, 2016. Counsel for Defendant agreed to extend Plaintiffs' deadline to respond to the requests until June 30, 2016. On August 8, 2016, Defendant filed the present motion, noting that Plaintiffs had failed to file any responses to its discovery requests. On September 6, 2016, Plaintiffs filed their response (Document # 30), stating that "[w]e are making progress [on their discovery responses] every day and will forward them to Defendant's attorney as soon as they are complete, whether or not there is a COURT ORDER COMPELLING DISCOVERY." However, they did indicate that

they would be objecting to the production of any medical records. On December 27, 2016, Defendants submitted a letter (Document # 33) stating that Plaintiffs served insufficient discovery responses on November 22, 2016, and attaching a copy of Plaintiffs' responses.

## III.   DISCUSSION

### A.   Interrogatories

#### 1.   Interrogatories regarding medical information

Interrogatories 1 and 2 to Plaintiff Crotty request information regarding all medical service providers who have diagnosed Plaintiff Crotty with PTSD, spinal stenosis, and/or lumbar degenerative disc disease and any treatment she received for those conditions. In addition to these questions, counsel for Defendant requested that Plaintiff complete a VA Form 10-5345, <u>Request for and Authorization to Release Medical Records or Heath Information</u>.

Plaintiff Crotty objected to producing this information, arguing that it is not necessary for Defendant, or this court or a jury to determine whether she is disabled because "the appropriate Federal authority, acting under current federal law, has already established that fact."[1] Pl. Crotty Resp. to Int. 1 (Ex. D to Def. Letter). However, Defendants note that Plaintiffs are seeking damages for Plaintiff Crotty's "medical care and professional counseling," and "pain and suffering" which includes "emotional distress." Amended Rule 26(a)(1) Initial Disclosures and Preliminary Personal Damages Worksheet (Ex. 6 to Def. Motion).

Rule 26 of the Federal Rules of Civil Procedure provides that evidence is discoverable if it is relevant to any party's claims or defenses and proportional to the needs of the case. The United

---

[1] To her Rule 26(a)(1) Initial Disclosures, she attached a letter from the Department of Veterans Affairs, stating that her VA records "show your service-connected disabilities are rated as 100 percent disabling. Your service-connected disabilities are considered permanently and totally disabling." Rule 26(a)(1) Initial Disclosures (Ex. 5 to Def. Motion).

States Court of Appeals for the Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir.2003) (emphasis added)  A plaintiff's medical history and health care records are discoverable when the plaintiff chooses to seek damages for emotional distress. Coffin v. Bridges, 72 F.3d 126, 1995 WL 729489, at *2 (4th Cir.1995); see also Teague v. Target Corp., No. 3:06-cv-191, 2006 WL 3690642, at *1 (W.D.N.C. Dec. 11, 2006) (ordering production of information identifying plaintiff's health care providers, pharmacies, as well as signed authorizations for the release of medical and pharmacy records, stating that "[s]ince Plaintiff is seeking compensatory damages for emotional distress, it is clear that the information and records sought by the Defendant are discoverable"); EEOC v. Smith Bros. Truck Garage, Inc., No. 7:09–CV–00150–H, 2011 WL 102724, at *1–2, 4 (E.D.N.C. Jan. 11, 2011) (unpublished) (finding that, where plaintiff sought compensation for emotional distress, inconvenience, loss of enjoyment of life, humiliation, and loss of self-esteem, defendant had right to explore the party's medical records for other causes of emotional distress damages) (citing EEOC v. Sheffield Fin. LLC, No. 1:06CV00889, 2007 WL 1726560, at *4 (M.D.N.C. June 13, 2007)); Carr v. Double T Diner, No. WMN–10–CV–00230, 2010 WL 3522428, at *1–3 (D.Md. Sept. 8, 2010) (unpublished) (granting defendant's motion to compel discovery of plaintiff's medical records related to her mental health where plaintiff placed mental health at issue by seeking damages grounded in emotional distress); Jimoh v. Charlotte–Mecklenburg Housing P'ship, Inc., No. 3:08–CV–495–RJC–DCK, 2009 WL 4062881, at *1(W.D.N.C. Nov. 20, 2009)(finding that plaintiff's medical records were subject to discovery where she claimed compensatory damages for emotional distress, pain and suffering, and mental anguish thus placing her mental condition at issue) (citing Coffin, 1995 WL 729489, at *3, and Sheffield, 2007 WL 1726560, at *4);  Fields v. West Virginia State Police, 264 F.R.D. 260, 263

(S.D.W.Va.2010) ("If a plaintiff has placed his or her mental or physical health in issue, then any records in the plaintiff's possession relating to that issue should be produced.... A party should promptly and without objection answer questions regarding health issues which that party places in issue." (emphasis added)).

Because Plaintiff Crotty has placed her health at issue by alleging that Defendant's actions caused her health problems and seeking damages for those health problems, her medical information is relevant and Plaintiff must provide the information sought by Defendants as well as sign a release to allow Defendants to obtain those records within ten days of the date of this order.

### 2.   Interrogatories requesting information regarding Plaintiff's requests for accommodation

Interrogatories 3-7 to Plaintiff Crotty request information regarding the oral and written requests Plaintiff made to Defendant for a reasonable accommodation due to her disabilities. Plaintiff Crotty provides a narrative of when she made such requests but does not provide specific information requested by Defendant such as the names, addresses and/or telephone numbers of the individuals to whom she made the requests. Plaintiff Crotty does not make an objection to providing that information. Accordingly, Plaintiff Crotty must supplement her responses to provide this information within ten days of the date of the order.

### 3.   Interrogatories regarding expert witnesses

Interrogatories 15, 16, 22, and 23 to Plaintiff Crotty and Interrogatories 6-8 and 13 to Plaintiff Orzech request information regarding the two expert witnesses previously identified by Plaintiffs. Plaintiffs state they have been told they cannot use Julise Hughes (a VA medical provider) as an expert without express permission of the VA and they have not had contact with Jessica Brown in over a year, so they withdraw these names as experts. As such, Defendant's motion to compel is

moot as to Interrogatories 15, 16, 22, and 23.

### 4. Interrogatories regarding witnesses

Interrogatories 19, 20, and 21 to Plaintiff Crotty and Interrogatories 9, 11, and 12 to Plaintiff Orzech request the names and addresses of any witnesses known to Plaintiffs, a summary of the facts known by these witnesses, whether any of these witnesses have given written or recorded statements and, if so, who has possession of those statements. Plaintiffs have partially responded to these interrogatories by providing the names of witnesses, all of whom are current or former "board members or agents" of Defendant. However, they have not provided their addresses, whether any statements exist, or a summary of the facts believed to be known by these witnesses. Plaintiffs make no particular objection to these requests other than to state that their addresses are contained in a phone book maintained by Defendant and that they have sent interrogatories to be answered by these witnesses but counsel for Defendant has refused to provide their responses because they are not parties to this action. Plaintiffs are responsible for answering these interrogatories with the information currently known to them. Thus, they are directed to fully respond to these interrogatories within ten days of the date of this order.

### 5. Interrogatory regarding documents relied upon in answering discovery

In Interrogatory 18 to Plaintiff Crotty and Interrogatory 17 to Plaintiff Orzech, Defendant asks Plaintiffs to identify all documents they reviewed, relied on or otherwise used to assist in the preparation of their answers to the interrogatories. Plaintiffs object to the requests as unduly burdensome but state that they will respond to the interrogatories with documents located by a reasonable, good faith effort. They reference all documents already produced by Plaintiffs, Defendant and the court and all documents, photographs and audio recordings included on a flash drive (which has not been provided to the court). They also reserve the right to add to the provided

documents. Under Rule 26(c), the court may restrict or prohibit discovery that is seeks relevant information when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). A party moving to resist discovery on the grounds of burdensomeness and oppression must do more to carry its burden than make conclusory and unsubstantiated allegations. See Scott Hutchison Enterprises, Inc. v. Cranberry Pipeline Corp., No. 3:15-CV-13415, 2016 WL 5219633, at *2 (S.D.W. Va. Sept. 20, 2016) (citing Convertino v. United States Department of Justice, 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); Cory v. Aztec Steel Building, Inc., 225 F.R.D. 667, 672 (D. Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); Bank of Mongolia v. M & P Global Financial Services, Inc., 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome")). Plaintiffs have failed to make a sufficient showing that responding to these interrogatories would be overly burdensome. Participating in the discovery process requires some time and effort, and the undersigned fails to see how it would be burdensome to provide a list a documents reviewed in responding to discovery. To the extent that Plaintiffs' responses are not complete, they must supplement their responses to Interrogatory 18 to Plaintiff Crotty and Interrogatory 17 to Plaintiff Orzech within ten days of the date of this order. Plaintiffs are further reminded of their continuing obligation to supplement their responses to Defendant's discovery

requests. See Rule 26(e)(1) ("A party ... who has responded to an interrogatory, request for production, or request for admission ... must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ....").

### 6. Remaining Interrogatories

Plaintiff Crotty has responded to Interrogatories 8-14, 17, 24-25 and Plaintiff Orzech has responded to Interrogatories 1-5, 14-16, and Defendant has not raised any concerns regarding these responses.[2]

### B. Requests for Production

#### 1. Requests for production of financial information

In Requests for Production 3-6 to Plaintiff Crotty and Requests for Production 1 and 5 to Plaintiff Orzech, Defendant seeks production of various financial documents, including canceled checks, bank statements, invoices, receipts and credit card statements relating to utilities paid at 2148 Gamecock Circle, expenses incurred for terminating the lease for tenants at 2121 Brunswick Circle, or for cleaning and renovation expenses at the same location, and expenses for medical care or professional counseling previously identified by Plaintiff Crotty. Plaintiffs do not object to the relevancy of these requests. Rather, they provide the following disclaimer for each one:

> Plaintiffs object to providing account details to Defendant's attorney, because his paralegal, Cindy Dassoulis, is the wife (or companion) or former BOD member Alex

---

[2]Interrogatory 25 to Plaintiff Crotty and Interrogatory 15 to Plaintiff Orzech request, in part, the account number of the joint account, if any, shared between the two. Plaintiffs both answer that they have no joint account, but also object to providing any account numbers. Plaintiffs raise similar objections in their responses to Defendant's requests for production, which will be addressed there.

> Hughes.  In 2007, Hughes filed specious criminal charges against Plaintiff Orzech, who was found to be '<u>not</u> guilty' at a jury trial.  Further, Hughes is a known felon and Dassoulas [sic] likely has a problem with pain medications and/or alcohol.  Her discretion with my/our financial information is questionable.

Pl. Crotty Resp. to Req. for Prod. (Ex. B to Def. Letter); Pl. Orzech Resp. to Req. for Prod. (Ex. C to Def. Letter).  Plaintiffs also provide a list and explanation of expenses, but do not provide the requested documents.  As stated above, the court may restrict or prohibit discovery that is seeks relevant information when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). In determining whether such a restriction is necessary, "a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." <u>UAI Tech., Inc. v. Valutech, Inc.</u>, 122 F.R.D. 188, 191 (M.D.N.C. 1988).  The party resisting discovery bears the burden of establishing good cause for doing so.  <u>Webb v. Green Tree Servicing, LLC</u>, 283 F.R.D. 276, 278 (D. Md. 2012). The party may not rely on stereotyped or conclusory statements, but must present a particular and specific demonstration of fact as to why the discovery should not be had.  <u>Id.</u>  Plaintiffs have failed to meet this burden.  Further, failure to produce the requested documents would be prejudicial to Defendant because it would be unable to calculate the damages Plaintiffs' allege were caused by Defendant's actions.  Defendant is not required to take Plaintiffs' word for the amount of damages they have suffered.  Accordingly, Plaintiffs are directed to produce the information requested in Requests for Production 3-6 to Plaintiff Crotty and Requests for Production 1 and 5 to Plaintiff Orzech within ten days of the date of this order.

     **2.**     **Requests for production regarding expert witnesses**

For the same reasons discussed above with respect to interrogatories regarding expert witness

(section III.A.3), Requests for Production 7-9 to Plaintiff Crotty and Requests for Production 2-4 to Plaintiff Orzech are moot.

### 3. Request for production regarding documents relied upon in answering discovery

For the same reasons discussed above with respect to interrogatories regarding documents relied upon in answering discovery (section III.A.5), and to the extent that Plaintiffs' responses are not complete, they must supplement their response to Request for Production 10 to Plaintiff Crotty and Request for Production 6 to Plaintiff Orzech within ten days of the date of this order. Plaintiffs are further reminded of their continuing obligation to supplement their responses to Defendant's discovery requests. See Rule 26(e)(1) ("A party ... who has responded to an interrogatory, request for production, or request for admission ... must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ....").

### 4. Remaining requests for production

Plaintiff Crotty has responded to Requests for Production 1 and 2 and Defendant has not raised any concerns regarding these responses.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Compel (Document # 29) is **GRANTED** as to Interrogatories 1-7, 18-21 and Requests for Production 3-6, 10 to Plaintiff Crotty and Interrogatories 9-12, and 17 and Requests for Production 1, and 5-6 to Plaintiff Orzech. **Plaintiffs must provide full responses to these Interrogatories and Requests for Production within ten days of the date of the order. Plaintiffs' failure to respond as directed above within**

**the deadline set forth may result in sanctions pursuant to Fed.R.Civ.P. 37.** The motion to compel is **MOOT** as to Interrogatories 15-16, 22-23 and Requests for Production 7-9 to Plaintiff Crotty and Interrogatories 6-8 and 13 and Requests for Production 2-4 to Plaintiff Orzech. The motion to compel is **DENIED** as to Interrogatories 8-14, 17, 24-25 and Requests for Production 1-2 to Plaintiff Crotty and Interrogatories 1-5, 14-16 to Plaintiff Orzech.

    **IT IS SO ORDERED**.

                                                     s/Thomas E. Rogers, III
                                                    Thomas E. Rogers, III
                                                    United States Magistrate Judge

March 14, 2017
Florence, South Carolina