IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Elizabeth Ann Crotty, and James Kenneth Orzech, | ) ) ) | Civil Docket No.: 4:15-cv-04042-RBH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | **O R D E R** |
| Windjammer Village of Little River, South Carolina, Property Owners' Association, Inc., | ) ) ) ) ) | |
| Defendant. | ) ) | |

On September 29, 2015, Plaintiffs filed this lawsuit alleging violations of federal and state housing laws against Defendant Windjammer Village of Little River, South Carolina, Property Owners' Association, Inc. ("Windjammer Village"). On September 24, 2018, this court granted summary judgment in favor of Windjammer Village after finding that the claims brought pursuant to the federal Fair Housing Act, 42 U.S.C. § 3604, were barred by the applicable statute of limitations. [ECF #68]. This Court declined to exercise supplemental jurisdiction as to any state law claims. [ECF #68]. On October 8, 2018, Windjammer Village filed its Motion for Attorney Fees and Costs pursuant to Federal Rule of Civil Procedure 54. [ECF #72]. Within its Motion, Windjammer Village also argues that, pursuant to the Federal Housing Act ("FHA"), as the prevailing party in this case, Windjammer Village is entitled to its attorney's fees and costs. Plaintiffs responded to the Motion on October 22, 2018. [ECF #77]. On October 24, 2018, Defendant submitted a reply, and on November 6, 2018, Plaintiffs submitted a sur reply. [ECF #79; ECF #81]. The court is in receipt of additional filings related to this Motion. [ECF #82; ECF

#83]. This court now issues the following Order.

## Discussion

The parties have been engaged in litigation regarding the rights and access to certain property owned by Plaintiffs located at 2148 Gamecock Circle for many years in both state and federal court.[1] Plaintiffs Elizabeth Ann Crotty ("Crotty") and James Orzech ("Orzech") filed the present lawsuit against Defendant Windjammer Village pursuant to the FHA, alleging that Windjammer Village failed to accommodate a reasonable request made by Crotty to park near the front door of her residence due to her disabilities. [ECF #1, p. 4]. Windjammer Village filed a motion seeking summary judgment on all claims, arguing as one of its grounds that Plaintiffs' claims were time-barred. On September 24, 2018, this Court determined that Plaintiffs' claims were time-barred pursuant to the applicable statute of limitations and granted summary judgment in favor of Windjammer Village as to all federal claims. [ECF #68]. This Court also declined to exercise supplemental jurisdiction as to any alleged state law claims. [ECF #68]. Windjammer Village now seeks to recover both its costs and attorney's fees pursuant to Rule 54 and 42 U.S.C. § 3613(c), the provision in the FHA governing the recovery of attorney's fees. Plaintiffs Crotty and Orzech argue that the motion was not timely filed pursuant to Rule 54 and should therefore be denied. On October 8, 2018, Windjammer Village filed its Motion for Costs and Attorney's

---

[1] On October 28, 2009, Plaintiffs filed a verified Complaint in the Court of Common Pleas of Horry County, Civil Action No. 2009-CP-26-10523, seeking to enjoin Defendant from removing the paved driveway that currently provided access to the mailboxes. This matter was resolved via a final order dated August 3, 2011 and filed August 5, 2011. On December 11, 2012, Plaintiff Crotty dual-filed a verified Complaint with the U.S. Department of Housing and Urban Development ("HUD"), as well as the South Carolina Human Affairs Commission ("SCHAC"), alleging Defendant failed to grant her a reasonable accommodation based upon her physical disability in violation of the South Carolina Fair Housing Law. This matter was resolved via a Consent Order of Dismissal.

Fees. Within its Motion, Windjammer Village indicated that an affidavit detailing its fees and expenses would be filed as a supplement within five days. [ECF #72, p. 1]. The affidavit was filed three days later on October 11, 2018, and a supplement to this affidavit was filed several days later. [ECF #73; ECF #74]. In other words, while the Motion itself was timely filed, Plaintiffs argue that under a literal reading of the rule, the motion is still untimely because it did not initially include all the necessarily information required under Rule 54.

Rule 54(d)(1) of the Federal Rules of Civil Procedure pertaining to cost other than attorney's fees, provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Rule 54(d)(2) provides that, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion" and must be filed no later than fourteen (14) days after the entry of judgment. The motion must set forth the specific judgment, statute or rule entitling the movant to attorney's fees, the amount sought or a fair estimate of the amount sought, and the terms of any agreement for which the claim was made.[2] Rule 6(b)(1) of the Federal Rules of Civil Procedure allows the court the discretion to extend the time for the filing of a motion if a party failed to act due to "excusable neglect." Rule 54 and Rule 6 must be read together. *See Tancredi v. Met. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004).

Federal Rule of Procedure 6(b) provides enlargement of a time period upon a finding of "excusable neglect." Courts have defined the standard for showing "excusable neglect" by the party

---

[2] Local Rule 54.03 of the District of South Carolina also provides that the bill of costs shall be filed within the time period found in Fed. R. Civ. P. 54.

3

seeking an extension of the deadline as requiring both a demonstration of good faith and a showing of a reasonable basis for the failure to comply with the rule. *See Hilton Groups, PLC v. Branch Banking & Trust Co.*, No. 2:05-977-DCN, 2007 WL 2022183, at *3 (D.S.C. July 11, 2007) (discussing the late filing of a bill of costs); *Gaskin v. BFI Waste Services, LLC*, 281 Fed. Appx. 255, 258, 2008 WL 2415869, at *2 (4th Cir. 2008)(discussing the applicability of Rule 6 to an untimely fee petition). Courts also consider circumstances such as the danger of prejudice to the other side, the length of the delay, whether the movant acted in good faith, and the reason for the delay and whether it is control of the movant. *Id.* Indeed, another court in this district has previously determined that the failure to file a motion within fourteen days is not an absolute bar to recovery and considered a motion for fees upon a finding of excusable neglect.[3] *Id.* at *2. Courts also consider circumstances such as the danger of prejudice to the other side, the length of the delay, whether the movant acted in good faith, and the reason for the delay and whether it is control of the movant. *Id.*

Here, Windjammer Village indicated within its initial motion, filed on October 8, 2018 within the fourteen day deadline, that the affidavit detailing these costs was forthcoming within the next few days. The affidavit was then filed three days later on October 11, 2018, while an amended version of costs and fees was filed on October 22, 2018. In response to Plaintiffs' argument that the motion was not timely filed, counsel for Windjammer Village wrote a letter and

---

[3] This Court has considered Plaintiffs' argument that much like a statute of limitations, the deadline for filing a motion under Rule 54 should extinguish the claim. Plaintiffs' point regarding the importance of timely filings is well-taken. Nonetheless, federal courts have previously held that the fourteen-day deadline found in Rule 54 is not a fatal jurisdictional deadline. *See Tancredi v. Met. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004).

4

filed it with this court, explaining that the three-day delay in filing the affidavit was a result of the effects of Hurricane Florence and the subsequent technological and travel difficulties resulting from the storm. Plaintiffs question the validity of counsel's explanation of the ill effects of the storm, calling into question whether Windjammer Village's counsel was indeed disadvantaged in the manner suggested within the letter. This court acknowledges that the storm and resulting aftermath created difficulties for individuals, including attorneys, attempting to electronically file documents with the district courts in this state. This court therefore does not find a compelling reason to question the candor of Defendant's counsel. A weather-related delay, clearly beyond the control of the movant, would seem a quintessential example of when the "excusable neglect" standard would apply. Moreover, the length of the delay in filing the affidavit to accompany the motion was relatively short. Plaintiffs do not argue that they were somehow prejudiced in the filing of the affidavit three days after the motion was filed. Importantly, the motion itself was timely filed, despite the fact that the specific amounts requested by Windjammer Village were not fully listed and detailed in the motion. Further, Plaintiffs do not explain how a three-day delay negatively impacted the proceedings, particularly given the fact that Plaintiffs did not appeal the summary judgment motion. Therefore, even assuming under a literal reading of the rule that the motion should be considered untimely because it did not contain the information contained in the affidavit, after reviewing the record and giving due consideration to Plaintiffs' arguments, this court finds that Windjammer Village meets the standard under Rule 6(b) of showing "excusable neglect" in filing the accompanying affidavit three days outside of the fourteen day period provided for in Rule 54.

Turning now to substance of the motion, Rule 54(d)(1) provides in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Local Rule 54.03 contemplates filing a bill of costs which generally details the items set forth in the relevant statutes and rules that can be redeemed. 28 U.S.C. §1920 establishes that a judge or clerk of any court of the United States may tax the following items: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Windjammer Village did not file a separate bill of costs or utilize form AO 133, which is not expressly required, under Local Rule 54.03.[4] Within its Motion, Windjammer Village did specifically request costs pursuant to Rule 54(d)(1) and provided notice that it was seeking costs within the applicable time period, fourteen days, provided for under Local Rule 54.03. *See generally Int'l Union of Operating Eng'rs, Local #965 v. S. Crider Constr. & Supply*, No. 13-3425, 2014 WL 2609824, at *4 (C.D. Ill. 2014) (where a court allowed an affidavit of costs to substitute for the filing of Form AO133, finding that it would not require strict compliance even though the court's local rules require parties to use the form); *Leadership Council for Met. Open Communities, Inc. v. Rossi Realty, Inc.*, 2003 WL 1741324, at * 2 (N.D. Ill. 2003) (explaining that

---

[4]Form AO 133, titled Bill of Costs, is available on the court's website and enumerates the fees that may be included, as well as provides an explanation of the documentation needed for the requests for costs in each category enumerated in 28 U.S.C. § 1920.

if the requirements for Fed. R. Civ. P. 54(d) are met, then the court could construe an affidavit as sufficient, despite noting that had the prevailing party used Form AO 133, the issues would be much easier to address). Therefore, despite the fact that Windjammer did not use Form AO133 or file a document entitled a bill of costs detailing its taxable costs, this Court will consider the substance of Windjammer Village's request for costs under Rule 54(d)(1).

Rule 54(d)(1) gives rise to a presumption that costs should be awarded to the prevailing party. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). While a district court has the discretion to deny an award of costs, it must "articulate some good reason" for its denial. *Id.* Factors such as misconduct by the prevailing party, the losing party's inability to pay, excessiveness of the costs claims, the limited value of the prevailing party's victory, or the closeness of the issues decided may justify the denial of an award of costs. *Id.* Windjammer Villages seeks a total of $1,342.99 in costs, as provided for in the Affidavit provided by its attorney. Attached to the Affidavit is a copy of the client invoices and statements prepared by Windjammer Village's counsel reflecting the work performed and cost incurred related to this lawsuit. Windjammer Village does not provide any other documents or evidence related to the taxable costs. Some of the costs that appear to have been incurred as "additional charges" on the client invoice, such as PACER service fees, postage, and process server fees, are not enumerated as taxable costs under 28 U.S.C. §1920. Other costs, such as copying fees or deposition transcript costs, may indeed be taxable under 28 U.S.C. §1920.[5] None of the expenses have documentation

---

[5] The amount attributable to copying costs provided for in the invoices totals $580.34; while the amount attributable to the payment for transcripts and media duplication of a deposition was $157.33.

or receipts beyond Windjammer Village's own client invoices to support or otherwise clarify the type of expenditure amount. Nonetheless, after reviewing the record in this case, this court finds that good reason exists to decline an award of costs to Windjammer Village in this case.

Ms. Crotty suffers from several disabilities and has been determined by the Department of Veterans Affairs to be 100 percent permanently and totally disabled. [ECF #57-4]. The record also contains parts of Ms. Crotty's medical records detailing knee problems and knee surgery, as well as her statements suggesting Mr. Orzech suffers from congestive heart failure. [ECF #57; ECF #64-4]. Mr. Orzech and Ms. Crotty, who appear pro se in this case, state that the granting of fees or costs against them would present a financial hardship for them in their old age. Windjammer Village does not dispute the Plaintiffs' financial inability to pay costs. This court has also considered the fact that this case resulted in a summary judgment dismissal based on the statute of limitations, as opposed to the granting of any monetary damages to a party or a meritorious finding in favor of Windjammer Village. Therefore, this Court in its discretion, finds good reason for departing from the presumption in favor of awarding costs and declines to award taxable costs to Windjammer Village.

With respect to attorney's fees, the FHA provides for the recovery of attorney's fees and costs by the prevailing party. 42 U.S.C. § 3613(c). Under section 3613(c)(2) of the FHA, a district court *may* award attorney's fees upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 606 (4th Cir 1997) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)). An award of attorney's fees is also appropriate if

8

a plaintiff brought the case in subjective bad faith. *Christiansburg Garment Co.*, 434 U.S. at 419. A court's determination to award attorney's fees is discretionary. *Brooks v. Center Park Assoc.*, 33 F.3d 585, 587 (6th Cir. 1994). Windjammer Village argues that Plaintiffs' actions meet the standard announced under *Christiansburg* to award attorney's fees for several reasons.

First, Windjammer Village argues that the decision to file this lawsuit after a state court order seemingly prohibiting the relief sought is baseless and unreasonable. Windjammer Village thus argues that Plaintiffs' actions were frivolous, unreasonable and/or without foundation because they brought this current lawsuit seeking relief that was previously prohibited in a state court order and which they knew this Court could not grant. Second, Windjammer Village argues Plaintiffs brought substantially the same claims as they brought in a lawsuit filed with the SCHAC; therefore, bringing them in this court a second time was unreasonable. Finally, Windjammer Village argues that Plaintiffs were unreasonable in bringing these claims in federal court based upon claims that they should have known had expired four years prior to the commencement of the lawsuit. As support, Windjammer Village points out that this Court found that Plaintiffs' claims were barred by the applicable statute of limitations; therefore, it was unreasonable for Plaintiffs to have brought these claims. Windjammer's counsel has submitted an affidavit of attorney's fees and costs, as well as an amended affidavit, totaling the amount of costs at $1,342.99 and attorney's fees in the amount of $41,023.82. Plaintiffs respond as indicated above, that due at least in part to Plaintiff Crotty's disability, they do not have the financial ability to pay the fees Windjammer Village seeks. Further, they argue any such judgment would create a personal financial disaster for them.

9

A review of the pleadings indeed reveals numerous lawsuits and numerous filings over the years all focused around the issue of whether Plaintiffs should be permitted to park in a specified place in their homeowner community. However, a review of these pleadings do not necessarily indicate that Plaintiffs brought these claims in bad faith or as a result of frivolous filings. In the present case, Plaintiffs are pro se litigants, alleging violations under both the FHA and the state fair housing laws. The complaint appeared to state plausible claims for relief. In ultimately granting summary judgment, the Court considered arguments by Plaintiffs that included reasons as to why the statute of limitations should not apply, although ultimately this Court determined that the claims are indeed time-barred. This court did not make a specific finding that Plaintiffs gave a false recitation of the facts or others presented claims that they knew were baseless. *See generally Sassower v. Field*, 973 F.2d 75, 79 (2d Cir. 1992). Plaintiffs' briefing over the course of this lawsuit suggests that they believed that Defendants discriminated against them. Indeed, this Court granted summary judgment based upon a statue of limitations defense for claims under the FHA that do not appear to have been previously alleged in their prior lawsuits.[6] Finally, this Court is also mindful of the risk associated with awarding fees on the potential chilling effect that might occur with respect to pro se litigants in bringing civil rights lawsuits. Based on these considerations, this Court exercises its discretion and denies the request for attorney's fees.

---

[6]The State Court order attached to Defendant's motion for summary judgment indicates that Plaintiffs sought injunctive relief and that they asserted they had certain easement rights. That order notes that Plaintiffs had not pled discriminatory enforcement of a particular rule or regulation. [ECF #47-10]. There is also no indication that Plaintiffs argued violations of the FHA in the SCHAC lawsuit. [ECF #47-12]. Defendant notes in its summary judgment motion that Plaintiff's claims in the prior lawsuits were based in contract and property rights. [ECF #47-1, p. 20].

## Conclusion

The Court has thoroughly reviewed Defendant's Motion for Attorney Fees [ECF #72], the briefing filed in response, and the accompanying arguments by both parties. For the reasons provided above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
April 29, 2019  R. Bryan Harwell
  United States District Judge